# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

       *Plaintiff-Appellee,*

v.

JOHNICE HALL,

       *Defendant-Appellant.*

No. 00-4577

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-00-24-F)

Submitted: April 6, 2001

Decided: April 25, 2001

Before WIDENER, WILKINS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

A jury convicted Johnice Hall of involuntary manslaughter (18 U.S.C.A. § 1112 (West 2000)). She appeals, contending that the district court abused its discretion when it failed to exclude the testimony from Dr. Stinger, one of the Government's expert witnesses, as a sanction for the Government's alleged discovery violation. Hall also asserts that the district court abused its discretion in admitting Dr. Stinger's testimony because it was unreliable and, therefore, should have been excluded under the test set forth in *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). We affirm.

I.

Hall contends that the Government violated Fed. R. Crim. P. 16(a)(1)(E), by failing to provide an accurate summary of Dr. Stinger's testimony, that the district court erred by failing to exclude the testimony as a sanction for violation of the discovery rules, and that she was prejudiced by the Government's non-disclosure. The Government does not dispute that it failed to disclose that Dr. Stinger planned to testify that a significant amount of force was necessary for Hall to inflict the fatal stab wound on her husband. The decision whether to impose a sanction for a violation of Rule 16(a)(1)(E) rests with the district court's discretion. Fed. R. Crim. P. 16(d)(2); *United States v. Hastings*, 126 F.3d 310, 317 (4th Cir. 1997) (outlining factors courts consider in determining effective sanction).

Here, the district court recognized that the Government may have violated Rule 16 and that the non-disclosure was prejudicial, but not severely prejudicial, to Hall. To remedy the violation, the court offered Hall's counsel more time to prepare for cross-examination so counsel could consult with the defense expert; counsel did not request additional time to prepare. *See United States v. Fulton*, 549 F.2d

1325, 1328-29 (9th Cir. 1977) (finding no abuse of discretion in court's decision to remedy government failure to disclose evidence by recessing trial to provide defendant time to prepare cross-examination). We therefore find no abuse of discretion in the district court's handling of the Government's discovery violation. *Hastings*, 126 F.3d at 317; *see United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999) (noting that exclusion of testimony "is almost never imposed" absent constitutional violation or statutory authority for the exclusion), *cert. denied*, 528 U.S. 1098 (2000).

Even if the district court abused its discretion in addressing the discovery violation, Hall cannot establish actual prejudice. *United States v. Chastain*, 198 F.3d 1338, 1348 (11th Cir. 1999) (providing standard). On cross-examination, Hall established that Dr. Stinger was not a forensic pathologist and had not performed the autopsy on her husband. The jury apparently discredited Dr. Stinger's testimony given that the jury convicted Hall of involuntary, rather than voluntary, manslaughter. Thus, Hall is not entitled to relief on this claim.

## II.

In a related argument, Hall asserts that Dr. Stinger's testimony was unreliable under *Daubert* because his testimony regarding the amount of force necessary to inflict the fatal wound exceeded the scope of his expertise and conflicted with the opinions of Dr. Wahl and Dr. Jason. We review a district court's decision to admit expert evidence under *Daubert* for an abuse of discretion and find none. *United States v. Barnette*, 211 F.3d 803, 816 (4th Cir. 2000) (stating standard of review).

The district court found that Dr. Stinger's opinion regarding the amount of force was trustworthy because it was based upon the doctor's experience as a surgeon. *Daubert*, 509 U.S. at 593-95. Furthermore, the testimony was relevant to the issue of Hall's intent, *id.* at 591-92, and fell outside the jury's common knowledge. *United States v. Dorsey*, 45 F.3d 809, 814-15 (4th Cir. 1995). We therefore find no abuse of discretion in the court's decision to admit Dr. Stinger's testimony in this regard. *Barnette*, 211 F.3d at 816. Even assuming, as Hall suggests, that the district court improperly admitted Dr. Stinger's

testimony, we find that any error was harmless. *United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994) (providing standard).

## III.

Accordingly, we affirm Hall's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

*AFFIRMED*